## SCOTT PICKETT v. STATE.

No. A-5185.  Opinion Filed Oct. 3, 1925.
(239 Pac. 678.)

E. P. Neal, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.  The plaintiff in error was tried on a plea of not guilty to an information filed in the district court of Tulsa county, August 16, 1923, charging that he, Scott Pickett, in Tulsa county, June 18, 1923, did kill and murder one Leslie Brooks by shooting him with a pistol.  The jury returned a verdict finding him guilty of murder as charged in the information, and assessing his

punishment at imprisonment for life at hard labor in the state penitentiary.

A motion for new trial was overruled, and on November 24, 1923, the court rendered judgment in accordance with the verdict. From the judgment, an appeal was taken by filing in this court May 23, 1924, a duly certified transcript of the record proper, together with proof of service of notices of appeal.

It will be observed that the petition in error, with transcript attached, was filed in this court one day within the six months allowed by the statute in which to take an appeal. The transcript contains a copy of the information, the minutes of the plea of not guilty, a copy of the minutes of the trial, and a copy of the judgment, but does not contain the instructions given. No reason is apparent why a transcript of the testimony taken upon the trial is not attached.

On July 2, 1924, there was filed in the case an affidavit, subscribed and sworn to by plaintiff in error on the 20th day of June, 1924, wherein affiant states that he is confined in the penitentiary, and that by reason of his poverty is wholly unable to pay for the prosecution of this appeal, and it is necessary for him to have a transcript of the record and asking for an order of this court to have the necessary records made at the expense of the county or the state. Which affidavit having been filed more than six months after the judgment was rendered, the application was denied. If said affidavit had been filed in the proper time, this court would have made the necessary orders to secure a transcript of the testimony taken upon the trial in the form of a case-made.

The errors assigned are that the court erred in rendering judgment, in that the same was contrary to the law and the evidence, and that the court erred in admitting

incompetent evidence and in excluding competent and legal evidence on the part of plaintiff in error. Upon the record before us, in the absence of a transcript of the testimony, the errors assigned cannot be considered.

We have examined the information and the judgment and sentence, and we have discovered no error which will warrant a reversal of the judgment.

The judgment of the district court, appealed from herein, is therefore affirmed.

BESSEY, P. J., and EDWARDS, J., concur.